IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO LOWE | § | |
| v. | § | CIVIL ACTION NO. 6:22cv435 |
| KEITH FOUST, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Antonio Lowe, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is Officer C. Sharp of the Athens Police Department.

**I. The Plaintiff's Complaint**

In his complaint, Plaintiff states that on June 17 or 18, 2022, he was detained by Officer Sharp after suffering a "panic-psychosis attack." Emergency medical services were called to take him to the hospital in Athens. Upon his arrival, Plaintiff states that he had "a series of seizures" and allegedly struck an officer in the face. However, he says that he was already strapped down to the gurney by his hands and feet. Plaintiff states that "I feel like my medical condition is being taken advantage of in hopes of gaining a conviction."

Plaintiff explains that he is a "well-known epileptic" and this is not the first time that he has been a victim of targeting or wrongful arrest; the same thing happened in 2020, although under different circumstances. Plaintiff states that he is being charged with assault on a public servant and possession of a controlled substance, but he is "befuddled" because prior to his arrest, there were no drugs in his possession. He states that he believes the arresting officer and the court are using

this as "ammunition or scare tactics" in a plea deal, which he explains is when the defense attorney and the prosecutor get together and say "we'll drop this if you accept this." Plaintiff states "that generally comes when they lack sufficient evidence which is the case here." For relief in his lawsuit, Plaintiff states that "I would like for the U.S.D.C. to help aid me in getting a fair trial or push to get my case dropped."

At the time Plaintiff filed his lawsuit, the criminal charges against him were still active. The Court administratively closed the case on November 28, 2022, pending resolution of the criminal charges. Lewis v. Beddingfield, 20 F.3d 123, 125 (5th Cir. 1994).

On February 22, 2023, Plaintiff moved to reopen the case, stating that the criminal charges had been resolved. This motion was granted and the case reopened on March 6, 2023. The judicial records of Henderson County show that Plaintiff pleaded guilty to assault on a peace officer and possession of a controlled substance on February 13, 2023, receiving concurrent sentences of five and two years in prison.

## II. Discussion

The Supreme Court has held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *see also* Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). This holding has been extended by the Fifth Circuit to include claims for injunctive relief, such as Plaintiff raises in this case. VanBuren v. Walker, 841 F.App'x 715, 2021 U.S. App. LEXIS 9115, 2021 WL 1183013 (5th Cir., March 29, 2021), *citing* Clarke v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998) (*en banc*).

Plaintiff contends that he was having a seizure, during which he allegedly struck the officer, but indicates that this was impossible because he was strapped to the gurney. He also claims that he did not have any drugs in his possession. If proven, Plaintiff's claims would directly implicate the validity of his convictions for assault on a peace officer and possession of a controlled substance. The Fifth Circuit has explained that under Heck, the maturity of a §1983 claim depends on whether a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or confinement. Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996). Thus, in order to proceed on his claims in a civil rights action, Plaintiff must show that his convictions have been overturned, expunged, or otherwise set aside. Because he has not done so, his claims have not yet matured and must be dismissed until such a showing has been made.

To the extent Plaintiff seeks "a fair trial" in the state district court, his request for relief is now moot even if the federal district court had power to oversee state court trials, which it does not. *See* Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275 (5th Cir. 1973): Truong v. Bank of America, N.A., 717 F.3d 377, 382 (5th Cir. 2013) (noting that under the *Rooker-Feldman* Doctrine, inferior federal courts do not have the power to reverse or modify state court judgments except when authorized by Congress).

Plaintiff also requests that the charges against him be "dropped." To the extent that this request for relief seeks the setting aside of his conviction, such relief can only be granted through habeas corpus, not through the vehicle of a civil rights lawsuit. Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *accord*, Muhammed v. Close, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (release from confinement cannot be obtained through a civil rights lawsuit, but must be sought through habeas corpus).

While the present lawsuit must be dismissed because Plaintiff has not shown that his convictions have been set aside and because the relief sought is unavailable in a civil rights lawsuit, this dismissal should be without prejudice to Plaintiff's right to challenge his conviction through any lawful means, including but not limited to state and federal habeas corpus petitions.

RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice to the claims being asserted again until such time as Plaintiff can show that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. This dismissal of this civil rights lawsuit should not prevent Plaintiff from challenging the legality of his conviction through any lawful means, including but not limited to state or federal habeas corpus proceedings.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 5th day of June, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE